Turner, Demandante y Apelante, *v.* Concejo Municipal de San Juan, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de confiscación de fianza y daños y perjuicios.

No. 1617.—Resuelto en julio 17, 1917.

Contrato—Interpretación de Contratos.—Las palabras *consumo mensual aproximado* equivalen a las de "poco más o menos" que se interpretan permitiendo un pequeño exceso o deficiencia proporcionada a la cantidad total.

Id.—Cumplimiento de Contrato—Suministro de Artículos—Confiscación de Fianza.—Cuando en un contrato para el suministro de algún artículo durante un año se consigna que el consumo mensual aproximado es de determinada cantidad y durante los cuatro primeros meses se entrega un 8 por ciento más de la cantidad total correspondiente al año, calculada por el consumo aproximado

de un mes, *se declara* que está cumplido el contrato por el rematista, que no tiene obligación de seguir suministrando el artículo por el resto del año, y que fué ilegal confiscarle la fianza que prestó en garantía del cumplimiento de su contrato.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jacinto Texidor.*

El apelado no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El Municipio de San Juan verificó una subasta en 22 de junio de 1914 para el suministro de varios artículos para el ganado destinado a la limpieza pública durante el ejercicio de 1914 a 1915, haciendo constar que mensualmente el consumo aproximado del heno era de 3,880 kilos. El suministro del heno fué adjudicado al Sr. John M. Turner mediante cierto precio por los 46 kilos, quien depositó una fianza de $100 a favor del municipio para garantizar el cumplimiento de su obligación. Desde el día 1º. de julio al 22 de octubre de 1914 dicho rematista entregó los pedidos de heno que se le hicieron, ascendentes a 50,408½ kilos, y entonces escribió una carta al Alcalde manifestándole que había suministrado ya mayor cantidad que la estipulada y se negó a facilitar más. En vista de esto el concejo municipal, teniendo en cuenta el informe de su abogado según el cual, negándose el contratista a proveer el artículo citado a precio de subasta procedía confiscarle la fianza con rescisión del contrato para una nueva subasta por lo que restaba del año, acordó la rescisión del contrato y la confiscación de la fianza que tenía prestada el Sr. Turner.

Después de esto, el Sr. Turner estableció este pleito para recobrar del municipio los $100 de su fianza más $2,000 que alegó haber sufrido de perjuicios por habérsele causado, según dice la demanda, grave daño en su buena reputación comercial al consignar en un documento público que él se negaba a cumplir su contrato. Dictada sentencia declarando sin lugar la demanda, interpuso el presente recurso de apelación.

Entendemos que el demandante cumplió su contrato. Si en éste se hubiera expresado únicamente que tenía que suministrar al municipio para su ganado el heno que consumiera durante el año económico de 1914-1915, entonces estaría obligado a entregar cualquier cantidad, poca o mucha, que consumiera dicho ganado durante todo el año; pero en el contrato se expresó que el consumo mensual aproximado de heno era de 3,880 kilos, y en estas condiciones el contrato la obligación del contratista era la de suministrar esa cantidad multiplicada por los doce meses del año, o sea 46,560 kilos y algún tanto por ciento razonable mayor o menor en vista de que el cálculo mensual era aproximado. El contratista entregó durante los primeros cuatro meses no solamente los 46,560 kilos calculados para el año sino además un exceso de 3,848½ kilos, exceso que equivale a poco más de un 8 por ciento de aquella cantidad. De continuar los pedidos en la proporción en que se hicieron durante los cuatro primeros meses hubiera tenido que entregar durante todo el año la cantidad de 150,209 kilos o sea algo más de tres veces la cantidad calculada.

Las palabras usadas en el contrato "consumo mensual aproximado" equivalen a las palabras "poco más a menos," usadas frecuentemente en los contratos y para estos casos se ha declarado que serán interpretados generalmente de modo que permitan un pequeño exceso o deficiencia proporcionada a la cantidad que en el mismo se menciona, y que un 5 por ciento de más o de menos es un límite razonable de deficiencia. *Words and Phrases Judicially Defined,* vol 5, p. 4583. Habiendo entregado el demandante durante cuatro meses más de un 8 por ciento entendemos que cumplió con su contrato y que no estaba obligado a seguir suministrando más heno porque entonces hubiera sido el tanto por ciento de exceso irrazonable, alrededor de un 200 por ciento. Si el municipio se equivocó en sus cálculos del consumo mensual de heno para su ganado no puede obligar al contratista que había de faci-

litarlo a sufrir las consecuencias de su equivocación y fué improcedente la confiscación de su fianza.

En cuanto a los daños reclamados no existe en los autos prueba alguna de que sufriera ningún perjuicio pecuniario.

La sentencia apelada debe ser revocada y dictarse otra, condenando al Municipio de San Juan a devolver al deman- dante los $100 de la fianza que le confiscó, sin especial con- dena de costas.

> *Revocada la sentencia apelada y dictada otra*
> *condenando al demandado a devolver al de-*
> *mandante la fianza que le confiscó, sin espe-*
> *cial condenación de costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la reso- lución de este caso.